34 F.3d 1077
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Arthur GALLARDO, Defendant-Appellant.
 No. 94-1141.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying pro se petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. Petitioner argues on appeal that his conviction and sentence should be set aside because the sentences imposed under 18 U.S.C. 2113(d) and 18 U.S.C. 924(c)(1) violate the double jeopardy clause of the Fifth Amendment.
 
 
 3
 The district court correctly determined that the motion to vacate, set aside, or correct the sentence should be denied because no double jeopardy violation is involved in this case. The plain language of 18 U.S.C. 924(c)(1) makes clear that the conviction and sentence under that section is authorized in addition to the punishment provided for the underlying crime. This court has held consistently that the imposition of additional penalties under 18 U.S.C. 924(c)(1) does not violate the double jeopardy clause. U.S. v. Coleman, 9 F.3d 1480 (10th Cir.1993).
 
 
 4
 The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470